# 𝔖taunton

KENTUCKY VIRGINIA STONE COMPANY, A CORPORATION V.
. G. S. FORTNER, ADM'R.

September 22, 1932.

Present, Campbell, C. J., and Epes, Hudgins, Gregory and Browning,
JJ.

The opinion states the case.

*B. H. Sewell,* for the appellant.

*W. L. Davidson, William I. Davis* and *W. P. Monroe,* for the appellee.

GREGORY, J., delivered the opinion of the court.

A chancery suit was instituted by G. S. Fortner, administrator of R. N. Price, against the appellant, for the purposes of enforcing a vendor's lien, by subjecting certain real estate in Lee county to the payment of a note for $18,750.00, with interest, which note was secured by the vendor's lien. A decree was entered, establishing the debt and ordering the real estate to be sold to satisfy it.

The Price Stone and Lime Company, a Kentucky corporation, owned and operated a lime grinding plant in Lee county and a tract of land surrounding said plant. W. B. Paynter organized the appellant, another Kentucky corporation and it purchased said plant and real estate from the Price Stone and Lime Company, for the price of $75,000.00, one-half in cash and the residue in two equal annual instalments of $18,750.00 each, which were secured in the deed of conveyance by a vendor's lien. The notes were executed along with the deed on January 14, 1929, bearing interest and payable to the Price Stone and Lime Company. The appellant took possession of the property at once and continued the lime-grinding business.

In a short time after the sale, W. R. Poole and R. N. Price, who owned practically all of the stock in the Price Stone and Lime Company, met and settled up its business and made, among themselves, a distribution of the proceeds realized from the sale of the plant and land. In this settle-

ment W. R. Poole, secretary of said corporation, received the note first falling due, one year after date, of $18,750.00 and R. N. Price, president of said corporation, received the other note of $18,750.00 falling due two years after date. The note which Poole held was promptly paid together with the interest thereon, by the appellant, when it became due and payable. R. N. Price, to whom the other note had been given, died intestate before it became due and it was found among his papers, in his desk, in his home, in Union county, Tennessee, by his widow, Francy Price, and she qualified as his personal representative. There was endorsed on this note three payments of interest of $562.50 each, which were paid by the appellant to R. N. Price during his lifetime. The note was not paid when it matured and this suit was brought by G. S. Fortner, who had previously qualified as the Virginia personal representative of R. N. Price, to collect it, by enforcing the vendor's lien referred to. The appellant was named as the sole defendant. The deed from Price Stone and Lime Company conveying the plant and the land to the appellant and showing the retention of the vendor's lien, was filed with the bill as an exhibit.

The appellant filed its demurrer to the bill, assigning several grounds, but it was overruled. It then filed its answer and after due consideration the court decreed a sale of the land to satisfy the note of $18,750.00 and interest.

There are several assignments of error to the decree. The first one questions the correctness of the court's action in overruling the demurrer, but it is apparent that the allegations of the bill are clearly sufficient and without further discussion, we think the ruling of the court in this regard was plainly right.

It is next contended that improper evidence was received over the objection of the appellant. A carbon copy of a letter, written by Mrs. Price, as administratrix, to Kentucky-Virginia Stone and Pipe Company was introduced by the appellee and admitted in the evidence. The only objection to the introduction of this letter was that it was

addressed to the Kentucky-Virginia Stone and *Pipe* Company and not to the Kentucky-Virginia Stone Company. This objection is not well taken because the appellant received the letter. It was admissible for the purpose of showing that Mrs. Price, as administratrix, was making demand upon the appellant to pay the note.

■ Appellant objected to the testimony of Mrs. Price in which she stated that the note had been given R. N. Price in the settlement of the affairs of the Price Stone and Lime Company. The objection was that "there was better evidence" of this fact. Mrs. Price testified that she was present when Poole and R. N. Price divided the notes and agreed that Poole should take the first one and Price the second. It appears that this evidence was very material and competent.

■ It is contended that the note was payable to Price Stone and Lime Company, and had not been endorsed to R. N. Price, but we think there is no merit in this. The evidence conclusively shows, and the appellant admits, that it has never paid the note, although it is long past due. The evidence abundantly shows that the note belonged to R. N. Price and passed to his personal representative at his death and that the appellant had full knowledge of this fact, for it made three semiannual payments of interest on the note to R. N. Price. Under section 5611 of the Code, "Where the holder of an instrument payable to his order transfers it for value without endorsing it, the transfer vests in the transferee such title as the transferer had therein * * *." It is obvious that the endorsement was not necessary to transfer the note to R. N. Price.

■■ It is next urged that the appellant should not be charged with interest on the note after February 17, 1931, because at that time the appellant made a tender of payment of the note. The appellant wrote a letter to Mrs. Price in which she was advised that it was ready to pay the note, provided she would definitely and conclusively show that she was entitled, as administratrix, to receive payment. The

attorney for the administratrix answered the letter demanding payment and advised the appellant that it would either have to pay the note, or pay the money into court, in order to stop the running of interest. The appellant has done neither. Legal tender must be made to the party entitled to receive the money and it must be unconditional. An offer to pay the money, provided it is conclusively determined who the creditor is, where there are two parties, each claiming to be the creditor, is not legal tender. The appellant could have stopped the running of interest by paying the money into court. This it failed to do and it now is liable for the interest, until the note and the interest are discharged by payment.

A discussion of the questions of conflict of laws and the rights of the Kentucky administrator, raised by the appellant are not material to a decision of this case.

The decree is affirmed.

*Affirmed.*

EPES, J., concurring:

I concur in the judgment of the court in this case, but I am of opinion that before the trial court proceeds to disburse any money that may be paid into court by the Kentucky Stone Company, or a sale of the land is had under the vendor's lien, it should require that the Price Stone and Lime Company, a corporation, be made a party defendant to this cause. My reason for this is that the Kentucky Stone Company may be fully protected by any release that may be made of the vendor's lien on its property, or, if a sale be had under the vendor's lien, that the purchaser under such a sale may be fully protected against any claim of the Price Stone and Lime Company against this land.